**STANDARD ACC. INS. CO. v. UNITED STATES, for Use and Benefit of STRINGILLE.**

No. 3401.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

James T. Pugh, of Boston, Mass. (P. Gerald Ryan and Phipps, Durgin & Cook, all of Boston, Mass., on the brief), for appellant.

Michael A. Scanlon, of Boston, Mass., James J. Cox, of Boston, Mass., and Margaret G. Nicholson, of Medford, Mass., for appellees.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Massachusetts of June 27, 1938, in an action brought

January 7, 1936, on a construction bond by John Stringille and Antony Perrone, co-partners, in the name of the United States of America, on behalf of themselves and all others having similar claims, in which the Friend Lumber Company, on March 16, 1936, obtained leave to intervene and prosecute its claim. The suit was against the Tenaglia Construction Company, a co-partnership composed of Nicola Tenaglia and Rocco Tenaglia, and the Standard Accident Insurance Company, who were respectively the principal and the surety on the bond. The bond was given in connection with a construction contract entered into on November 15, 1933, by the Tenaglia Construction Company with the United States of America, wherein it agreed to furnish all labor and materials and perform all work required for the construction and completion of seven single non-commissioned officers' quarters at Fort Devens, Massachusetts. The bond was to ensure the performance of the contract and by its terms the defendants, and each of them, bound themselves promptly to make payment to all persons supplying labor and materials in the prosecution of the work provided for in the contract.

When the case was called for trial the parties, in open court, waived trial by jury and stipulated that, if the plaintiff, John Stringille and Antony Perrone, were entitled to recover, the finding should be in the sum of $300, and if the intervenor, the Friend Lumber Company, was entitled to recover the finding should be in the sum of $2,200; and that the only issues involved were (1) the date of the final settlement of the contract with the United States and (2) whether the suit and the intervention proceeding were seasonably instituted under the Act of August 13, 1894, as amended, Title 40, U.S.C., Section 270, 40 U.S.C.A. § 270.

At the close of the evidence the Insurance Company made sixteen requests for rulings. The 5th was waived. Of those insisted upon all were granted with the exception of the 1st, 2nd, 10th, 13th, 14th and 16th. The question involved in all of these is adequately covered by the 10th, 13th, 14th and 16th, which are as follows:

"10. Upon the law and the evidence the plaintiffs Stringille and Perrone, and the plaintiff Friend Lumber Co. have failed to establish that the suit was com-menced within one year after the complete performance and final settlement of the contract and a finding should be entered for the defendants."

"13. Upon all the evidence the date of final settlement of the contract in this case was September 12, 1934. `

"14. Upon all the evidence the date of final settlement of the contract was not March 25, 1935."

"16. Upon the law and the evidence the plaintiffs Stringille and Perrone and the plaintiff Friend Lumber Co. have failed to establish the date upon which there was a final settlement of the contract, and a finding should be entered for the defendants."

The court, however, found and ruled that the date of final settlement was March 25, 1935, and further found for Stringille and Perrone in the sum of $300 and for Friend Lumber Company in the sum of $2,200. Having made these findings and rulings judgment was entered on June 27, 1938, in favor of the United States of America against the defendants for the penal sum of the bond, executions to issue in favor of Stringille and Perrone in the sum of $300 and in favor of the Friend Lumber Company in the sum of $2,200.

Thereafter, on September 15, 1938, one of the defendants, the Standard Accident Insurance Company, filed in the District Court its assignment of errors and its petition for appeal to this court, which was allowed on the same day, its amended bill of exceptions having been previously filed and approved on June 22, 1938.

The errors assigned relate to the admission of certain evidence, and to the denial of the requests above set forth.

At the argument before this court in January, 1939, the plaintiffs questioned our jurisdiction to entertain the appeal on the ground that the judgment appealed from was a judgment against the defendants jointly; that the appeal was taken and allowed on the fifteenth day of September, 1938, before the new rules of civil procedure became effective; and that only one of the defendants, the Standard Accident Insurance Company, appealed without summons and severance or its equivalent.

There is no contention that the judgment is not a joint one either in form or substance. A contention of the Insurance Company is, that the non-joinder of the-

Tenaglia Construction Company is not fatal as it has only a nominal and not a substantial interest affected by the judgment. But if that were material, there is nothing to show what the interest of either, affected by the judgment, are. And the Supreme Court, in Hartford Accident Company v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685, decided March 14, 1932, has held that, in an action brought against a party and his surety jointly on a bond, both must join in an appeal or there must be summons and severance, and that a judgment is deemed joint, if joint on its face, and the court would not inquire further as to its nature.

A further contention is, that the rule of summons and severance was in existence prior to the new rules, effective September 16, 1938, 28 U.S.C.A. following section 723c, and was repealed by Rule 74 of the new rules providing that any one or more parties interested in a joint judgment may appeal separately without summons and severance. But Rule 74 was not in existence prior to September 16, 1938, and became effective only on that day. It had no application to an appeal taken prior to that time. Appeals so taken are governed by the rules then existing which required summons and severance or the equivalent.

Furthermore it is fixed by statute (see Sections 230 and 350, Title 28 U.S.C., 28 U.S.C.A. §§ 230, 350) that an appeal must be taken within three months of the entry of final judgment and not later. And this statutory requirement is recognized in new Rule 73, which provides that when an appeal is taken *"within the time prescribed,"* its validity will not be affected because of the failure of the appellant to take any of the further steps to secure a review.

After the statutory time has expired the right to grant an appeal is extinguished. Hartford Accident Company v. Bunn, supra, page 178, 52 S.Ct. 354, and cases there cited. If the defendant, the Insurance Company, could have availed itself of the new rules by filing a notice of appeal in the District Court, after the new rules went into effect on September 16, 1938, and prior to the expiration of the three months period (September 27, 1938), it did not do so. It simply applied for and was granted an appeal when the old rules were in force and the validity of its appeal must be considered and determined with reference to those rules, and, so considered, this court is without jurisdiction over the appeal and it must be dismissed.

We dismiss the appeal with less regret because if the merits were open to us we perceive no error of law in that regard.

Appeal dismissed for want of jurisdiction.