By the Court, E. Darwin Smith, J.
A new trial should, I think, be granted in this case for the error of the referee in overruling the objection to the testimony of the witness, George W. Cowles. The deed, executed to the defendants, containing the assumption of the incumbrance in question, was exhibited to this witness, and he testified that he drew the paper; that during a part of the time the grantees were present. Lyon & Griffen (the defendants) brought the papers, from which he got the data, as well as from them, from which he drew the deed. He was then asked: “Was the deed read over to them after it was drawn?” The question *370 was objected to by the defendants’ counsel as a privileged communication. The objection was overruled by the referee, and the defendants’ counsel duly excepted, and the witness answered: “Itwas read over by myself to Lyon & Grillen, both; don’t recollect as it was more than once. I copied it mostly from deed Exhibit 9, (which - contains the same provision,) and either that or this was read over and talked about a good deal. The one I drew was read over after I drew it.” He was then asked: “Was the question up, then, as to whether these parties would be personally liable on that deed?” The defendants’ counsel objected to this question as a privileged communication. Objection was overruled and the counsel excepted, and the witness answered as follows: “It was ; the subject was talked about in connection with the value of the place, and the amount of ' incumbrances on the place was talked over.” This testimony of the witness was very material, and, it seems to me, was improperly received. The only question in respect to it is, whether the objection to it was taken with sufficient distinctness. The questions are stated to have been objected to as privileged communications. This is the way the objection is taken down by the reporter, but it is quite apparent that the parties and the referee clearly understood the counsel raising the objection as insisting that the question called for an answer that would disclose privileged communications between Judge Cowles and his clients. The. witness' was known to them all to have been a counsellor at law and the county judge of his county, and he was asked to disclose facts learned by him from his clients in the confidence reposed by his clients in him as their counsel. He was called upon to draw, and did draw, the deed which contained the provision in dispute, and which the defendants claimed was inserted in such deed by mistake and without their knowledge. Their lawyer *371 was called to refute such defence, and does, by his testimony, show that it was unfounded. To require or allow him to give such testimony, was and is a clear invasion of the privilege of parties, in respect to their relations with, and communications to, or from, their counsel. It seems to me quite clear that the objection to this testimony was well taken, and that the point of the same was clearly understood by the parties and-the referee, and that it was clear error to overrule such objection and receive such testimony. For this error, and upon this ground, I think the judgment should be reversed. I see no other error in the decision of the referee.
[Fourth Department, General Term, at Rochester,
September 10, 1872.
Mullin, Talcott and E. D. Smith, Justices.]
The judgment should be reversed, and a new trial , granted, with costs to abide the event.