### GICK v. STUMPF.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. TRUSTS—CREATION—MOTHER AND SON.
   That defendant deposited the proceeds of a check drawn in his favor by his mother to his credit in trust for her, that a year later he withdrew the deposit and immediately redeposited it to his individual credit, and that she was aged and feeble and resided with defendant, one of several children, establishes a fiduciary relationship between defendant and his mother and his trusteeship of the money for her benefit.

2. GIFTS—INTER VIVOS—BURDEN OF PROOF.
   It appearing that a son held money in trust for his aged and enfeebled mother, the burden is upon him, in an action by her executor to recover the money, to show that the gift thereof he alleges she made was fair and fully comprehended by her, and her free and voluntary act, without restraint or coercion.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 81–86.]

3. WITNESSES—COMMUNICATIONS BETWEEN ATTORNEY AND CLIENT—ADMISSIBILITY—WAIVER.
   Under Code Civ. Proc. § 835, preventing attorneys from disclosing communications made to them by clients, in an action by an executor to recover money once held by testatrix's son in trust for her, and claimed by the son to have been given to him by her, the attorney who acted for her in the preparation of an instrument confirming the gift could not testify to facts surrounding the execution of the instrument, and testatrix did not waive the provision of the statute by requesting the attorney to become a subscribing witness to the instrument, since it was not such as was required to be witnessed, and since, under the express terms of section 836, the waiver, to be effectual, must be made upon the trial, except where an attorney is a subscribing witness to a will.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 781, 782.]

Appeal from Trial Term, Saratoga County.

Action by Frank Gick, Rosina Stumpf's executor, against Frank Stumpf. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

See 53 Misc. Rep. 83, 103 N. Y. Supp. 1109.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Chambers & Finn (Walter A. Chambers, of counsel), for appellant.
George R. Salisbury and George B. Lawrence, for respondent.

COCHRANE, J. ` Prior to August 1, 1899, Rosina Stumpf, mother of the defendant, was the owner of $1,200, which was on deposit in the First National Bank of Glens Falls. On the latter day the defendant, having drawn said money from said bank on his mother's check payable to his order, deposited the same in the Albany Savings Bank to the credit of himself in trust for his mother. Such deposit remained until July 6, 1900, when it was changed by the defendant withdrawing the amount thereof, with accumulated interest, and immediately redepositing the same in his own name individually. At this time the decedent was an aged lady in a somewhat enfeebled physical condition, and resided with the defendant, who was one of several children. Thereafter the said Rosina Stumpf executed a last will and testament, naming therein the plaintiff as the executor thereof. The purpose of this action by the latter is to recover the said money, which constitutes practically all of the estate. The defendant claims title thereto by gift from his mother.

The facts stated clearly established a fiduciary relationship between the defendant and his mother. By the form of deposit which he made in the Albany Bank when he first deposited the money therein defendant expressly created himself a trustee for her benefit. The absolute control of the deposit depended upon himself alone. The question for determination before the learned court below, therefore, was whether there had been a valid gift by a cestui que trust to her trustee of the identical fund which was the subject of the trust. This trust relationship was such as to make applicable the rule subjecting the defendant to the burden of proving that the alleged gift was fair and fully comprehended by his .mother, and that it was her free and voluntary act, without restraint or coercion. Cowee v. Cornell, 75 N. Y. 100, 31 Am. Rep. 428; Fisher v. Bishop, 108 N. Y. 25, 15 N. E. 331, 2 Am. St. Rep. 357; Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430; Matter of Smith, 95 N. Y. 522. In the case last cited it was said that such rule seems to be confined to contracts and gifts inter vivos, and does not apply, in all its strictness at least, to gifts by will.

The evidence of the alleged gift consisted almost entirely of an instrument executed nine months thereafter by the deceased, in which she acknowledged the prior gift and sought to ratify and confirm the same. To meet the burden of proof that said instrument was voluntarily executed and accurately comprehended by the deceased, the defendant called as a witness the attorney who drew the same and who witnessed the execution thereof. That he was acting for the deceased in the preparation and execution of the instrument, and that the relationship of attorney and client existed between them, is unquestioned. Indeed, from his testimony, no question could arise as to such relationship. He testified, not merely to occurrences at the time of the execution of the instrument, but to communications made prior thereto by the deceased relative to the subject-matter of the instrument. The testimony thus given clearly cannot be said to have been harmless. The purport and tendency thereof was to demonstrate the understanding and mental equilibrium and intellectual grasp of the deceased, and her comprehension of the situation and of contingencies which might arise, and against which she was endeavoring to

guard. The instrument, considered by itself, did not afford the same view of her mental acumen.

This testimony was duly objected to as inadmissible, because it disclosed confidential communications between an attorney and client. In my opinion the objection should have been sustained. Code Civ. Proc. § 835; Matter of Coleman, 111 N. Y. 220, 19 N. E. 71; Rogers v. Lyon, 64 Barb. 373; Bank of Utica v. Mersereau, 3 Barb. Ch. 528, 596, 49 Am. Dec. 189. The communications were not made by two or more persons in consultation with their attorney for their mutual benefit, or between a client and attorney in the presence of a third party, but under the seal of professional confidence, and were entitled to protection.

Nor did the deceased break or waive this seal of confidence by requesting the attorney to become a subscribing witness to the instrument. It was not such an instrument as the law required should be witnessed. The waiver, to be effectual, must be made upon the trial, except in the case of an attorney who is a subscribing witness to a will. Code Civ. Proc. § 836.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.