MARY CASSIDY, Respondent, v. CELIA CASSIDY, Appellant, et al., Defendant.

BREITEL, J. (dissenting). Plaintiff, the wife of decedent, sued his sister to impress a constructive trust upon one half of his pension benefits. In her complaint, she alleged that decedent, while under the sister's influence, signed certain papers whereby the sister was named beneficiary of one half of decedent's retirement benefits under the New York City employees' retirement system. After trial, the complaint was dismissed. On appeal, this court reversed and ordered a new trial, on the ground that a court of equity might find facts in the case requiring the imposition of a constructive trust. This court, noting that the sister rested on the wife's case, and finding that the sister played a primary part in obtaining decedent's signature to the papers, was of the view that the sister " owed an explanation to plaintiff and the court." (*Cassidy* v. *Cassidy*, 283 App. Div. 618, 620.) Upon the new trial, the trial court found that the sister gave no explanation — and, significantly, that " no persuasive explanation could have been given " — why decedent named her as cobeneficiary, and gave judgment for the wife. The trial court, in its opinion, repeatedly urged that neither the defendant sister, nor the circumstances of the case, supply an adequate reason why decedent did what he did. The sister now appeals.

Decedent and his wife were married for nearly thirty years and had lived together until his death on August 15, 1951. He was an employee of the City of New York and a member of its retirement system. So was his sister, with whom his relations were very good.

In April, 1923, decedent designated his wife as sole beneficiary of his retirement system death benefits. This designation remained unchanged until May 15, 1951. On that date, decedent was in a hospital, seriously ill. While in this condition, and, apparently, shortly before receiving a blood transfusion, he filled out a form designating his wife and sister as cobeneficiaries of his pension benefits. This form was brought to him by his sister. He inserted, in his own hand, the date, the names of his wife and sister and their addresses, and signed the paper. It was then acknowledged by decedent before Husson, a commissioner of deeds and a municipal coemployee of the sister, whom she had brought along for that purpose.

The sister testified that she brought the form to decedent at his request and that he had also asked to have Husson come with her. Husson confirmed the sister's testimony as to the execution. Both saw decedent fill out the form. Husson testified: " I said to John * * * before I signed it, ' John, is this the way you want it, " Mary F. Cassidy, wife, 605 East 14th Street, New York; Cecile R. Cassidy, sister, 612 — 46th Street, Brooklyn," both to share equally in the benefits under this option?' And John told me that is exactly the way he wanted it."

At the time that decedent made out the designation-of-beneficiary form, he, also, signed a retirement form. The details and the date of this form were subsequently filled in by someone other than decedent. The sister had possession of both forms, without revealing that fact to the wife or other members of the family. The retirement form was filed on June 19th and the designation-of-beneficiary form was filed on July 18, 1951. The wife learned of the former

in the middle of July, but did not discover the latter until decedent's death in August. There was evidence which, if believed, established that the sister, even after the filings, concealed from the family all information, and even her knowledge, of the execution of these forms.

On the basis of this evidence, the trial court imposed a constructive trust, in favor of the wife, upon the half of the death benefits received by the sister. The judgment should be reversed, however, and the complaint dismissed, for the reason that there are insufficient facts upon which to impose a constructive trust. Moreover, it was error for the court to have required the sister to explain why decedent designated her as beneficiary of one half of his retirement system death benefits.

On the prior appeal this court found that, in the circumstances and the family relations, the sister and the decedent participated in this transaction on a confidential basis; and that, because of the weakness of the decedent who was in his last illness, the sister had the burden of coming forward and explaining away the presumption of impropriety that arose from the execution, in her presence and with her active participation, of documents conferring benefits upon her. There should be no dispute with those views and they are the law of the case.

But, the fact is, the sister has made that explanation and supported it with the testimony of an uncontradicted and disinterested witness, Husson. The explanation is reasonable and wholly uncontradicted or even weakened by effective attack in cross-examination. Moreover, she was not required to justify the decedent's conduct in deciding to have her and his wife share equally the death benefits. The decedent would not have been required to justify or explain his selection or decision. Certainly his beneficiary can have no greater burden. The sister's duty to explain related not to why the decedent did as he did, but how he did it, in order to make reasonably clear that the act was his voluntary one. (*Cowee* v. *Cornell*, 75 N. Y. 91, 99–100; *Matter of Smith*, 95 N. Y. 516, 522.) This the sister did, by showing the circumstances surrounding the occasion when the decedent, in his own hand, completely filled in the designation-of-beneficiary form. To carry inferences beyond this level is to indulge either in vain speculation, or to require that the decedent's act have a justification which the law does not, and should not, require.

The trial court, evidently misreading the purport of this court's earlier decision, held that the sister had the burden of explaining why she was made a cobeneficiary. He not only disbelieved defendant, but rejected the testimony of the only important disinterested witness in the case. This is rewriting the decedent's election of beneficiaries. We cannot be unmindful of the fact that we are here revising a document — completely filled in by the decedent, a man who, the evidence shows, was highly pension-minded and knew many of the intricacies of the retirement system — which was acknowledged before a commissioner of deeds, who was so far as we know, a wholly disinterested witness, and a public employee. True, it did not have all the formalities of a will, but it was a document executed with high formality. We may not reform this formal document. To do so, all we have, perhaps, is our own distaste for a self-supporting sister sharing the death benefits with a spouse of many years who bore decedent's now grown children. We may be entitled to our emphatic distaste, but we are not entitled to substitute our possibly wiser decision for that of decedent who, through decades of labor, earned the death benefits which the parties are claiming, and which he had a right to dispose of as he wished.

A further comment is necessary. The sister undoubtedly dissembled to the widow and her children prior to the death of decedent, and, on the trial, she was, sometimes, defensively less than frank. But, the same can be said of all the interested witnesses who, both before and after the death of decedent, callously maneuvered in attempts to enhance the death benefits (by making sure that decedent, mortally ill, retired and elected his option more than thirty days before his death), and then engaged in an unseemly aftermath following discovery of decedent's election. There was even a violent altercation between the wife and sister.

Accordingly, the judgment in favor of plaintiff should be reversed and the complaint dismissed.

Peck, P. J., Cohn and Bastow, JJ., concur in decision; Breitel, J., dissents and votes to reverse in opinion in which Rabin, J., concurs.

Judgment affirmed, with costs.