■ In the Matter of the Estate of LYDIA BARTEL, Deceased. CHARLES M. DIVINS, as Executor of LYDIA BARTEL, Deceased, Respondent; BETHEL BAPTIST CHURCH, Appellant.— Decree insofar as appealed from unanimously modified on the law and facts, without costs, by reversing the first decretal paragraph thereof, and proceeding remitted to Surrogate's Court of Erie County for further proceedings in accordance with the following memorandum: Respondent-appellant, Bethel Baptist Church filed an objection to the account of petitioner-respondent, Charles M. Divins, as executor of the last will and testament of Lydia Bartel, deceased, asserting that the account failed to charge the petitioner as executor with additional assets of approximately $14,000, being funds received, prior to the death of decedent, by said executor from the sale of certain real estate in July, 1966. The decree adjudged that the proceeds of the sale constituted a valid gift *inter vivos* from the decedent to the executor and the objection was dismissed. The petitioner had been attorney for decedent, an elderly woman of 84, for over 60 years. In July, 1966, less than three months before her death, petitioner sold her home from which she had removed to a nursing home. He received on the closing on July 20, 1966 the net proceeds of the sale by check payable to himself as attorney in the amount of $14,436.68. He indorsed the check individually and deposited it in his personal account. No writing of any kind was introduced to support petitioner's claim of the alleged

gift *inter vivos* which constituted almost half of decedent's resources. Petitioner relies on the testimony of a husband and wife who were long time friends and neighbors of his. The husband testified that some time after the sale of the property petitioner in his presence told decedent he had sold the house and in answer to his inquiry as to what he should do with the money the decedent said " I want you to keep it, I want you to have it." The wife, who was a legatee named in the will of decedent, prepared shortly before the sale of the property by the petitioner and witnessed by her husband and petitioner's sister, also testified that decedent had told her she gave petitioner the money, " it was what I wanted to do with it." The evidence adduced by petitioner in support of the claim of a gift *inter vivos* under all the circumstances demonstrated in the record failed to supply the clear and convincing proof of the alleged gift required in view of the confidential relationship existing between the alleged donor and donee. Furthermore petitioner admitted he breached his trust relationship with his elderly client in initially commingling the proceeds of the sale with his own funds in his personal account. As pointed out in *Reoux* v. *Reoux* (3 A D 2d 560, 562) reaffirming the long established rule in this State: " Where a confidential relationship exists between parties a valid gift must be established by evidence that is clear and satisfactory. Where parties do not deal on terms of equality it requires but slight evidence to shift to the donee the burden of proving by clear and satisfactory evidence that any transfer of property in question was free and voluntary on the part of the donor. (*Starr* v. *Vanderheyden*, 9 Johns. 253; *Snook* v. *Sullivan*, 53 App. Div. 602, affd. 167 N. Y. 536; *Gick* v. *Stumpf*, 126 App. Div. 548; *Cassidy* v. *Cassidy*, 285 App. Div. 1040.) " This record does not present this " clear and satisfactory " proof. (Appeal from certain parts of decree of Erie Surrogate's Court in proceeding to settle accounts.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.