■ In the Matter of HARRIET ROBERTS, as Executrix of EDITH RATHAUS, Deceased, Appellant, v GERALDINE JOSSEN et al., Respondents. — Decree entered September 22, 1981 in Surrogate's Court, New York County (Marie M. Lambert, S.), unanimously reversed, to the extent appealed from, on the law and the facts, and the respondents are directed to turn over the proceeds of the certificate of deposit to the estate, with interest computed at the statutory rate for the period from February 1, 1975 to July 31, 1979, with costs to all parties filing briefs, payable out of the estate. ¶ At issue is whether respondent has met her heavy burden of proving, by clear and convincing evidence, an *inter vivos* gift of the $200,000 certificate of deposit, as against the claim of the estate. (*Matter of Bartel*, 33 AD2d 987; *Matter of Kaminsky,* 17 AD2d 690, app dsmd 12 NY2d 840; *Wood v New York Life Ins. Co.,* 225 NY 314.) We hold that she has not. ¶ The requirements for a valid *inter vivos* gift are an intent on the part of the donor to give; delivery of the property pursuant to such intent; and an acceptance by the donee. (*Matter of Szabo,* 10 NY2d 94, 98, affg 12 AD2d 451.) The most obvious problem here is the failure to show actual delivery. Although respondent Citibank has issued a new certificate bearing the names of both respondent Jossen and the decedent, Citibank is unable to produce a transfer of title form, signed by the decedent, authorizing this change. Moreover, neither the original nor the substitute certificate was ever indorsed over to respondent. ¶ Secondly, and more significantly, the evidence before the Surrogate clearly indicated that it was the usual and repeated practice of decedent to give equally to her two daughters. The decedent spoke of this in a March, 1974 letter to her attorney, where she enumerated gifts she had just made to one daughter "to equalize the gift which I gave to Geraldine [the other daughter] of the Boston Road property." ¶ On October 21, 1974, about a month after respondent claims she was given the certificate, decedent wrote to her accountant requesting the preparation of gift tax returns reflecting the various gifts she had made that year. The certificate of deposit was not mentioned. Three weeks later decedent and her daughters met with the accountants to discuss the gifts and corresponding gift tax liability of decedent. The memorandum record of that meeting lists a number of gifts but, again, no mention is made of the certificate. ¶ Indeed, eight days after the alleged gift, decedent had her attorney prepare an instrument which stated, in pertinent part, that decedent "purchased with funds belonging to me only, a certificate of deposit * * * for $200,000 * * * and WHEREAS, said certificate was intended to be owned by me only as originally issued and not in joint names, and WHEREAS * * * I signed a transfer of title of said certificate which Geraldine Jossen asked that I do [so that both decedent's and Jossen's names appeared] * * * although it was not my intent to do so * * * NOW, THEREFORE, I EDITH RATHAUS, as Assignor, do hereby assign, transfer and convey all my right, title and interest in said certificate * * * unto HARRIET ROBERTS, as Assignee". Respondent received notice of the filing of this instrument with the bank, but did not challenge it until several months after her mother's death. ¶ In sum, respondent failed to prove the required elements of an *inter vivos* gift by clear and convincing evidence, and the Surrogate's finding of a gift is, in fact, contrary to the weight of the evidence that was adduced. Concur — Murphy, J. P., Sandler, Carro and Milonas, JJ.