[No. 2463]

## HARRY H. HUNTER, JR., Respondent, *v.* THOMAS SUTTON, Appellant.

[195 Pac. 342]

1. NEW TRIAL.—NOTICE OF DECISION STARTING RUNNING OF TEN-DAY PERIOD FOR MOVING, NEED NOT BE IN WRITING.

   The "notice" of decision, as contemplated and required by Rev. Laws, 5323, providing that a person intending to move for a new trial should serve notice of his intention to do so within ten days after receiving notice of the decision, need not be in writing.

APPEAL from Sixth Judicial District Court, Pershing County; *Mark R. Averill,* Judge.

Action by Harry H. Hunter, Jr., against Thomas Sutton. From an order sustaining plaintiff's objection to the hearing of defendant's motion for new trial, defendant appeals. **Affirmed. Petition for rehearing denied.** (DUCKER, J., dissenting.)

*Booth B. Goodman,* for Appellant:

Notice of intention to move for a new trial must be filed and served within ten days after notice of decision. Notice was filed in time, for the reason that no notice of the decision was served before the filing of the notice of intention. The notice contemplated by statute is a written notice, and no knowledge is sufficient in lieu thereof. The word "written" does not appear in the statute, but the rule is well settled that, when a notice in any legal proceeding is required and authorized by statute, a formal written notice is understood. 39 Cyc. 1118; Pearson v. Lovejoy, 35 How. Pr. 193; Gilbert v. Turnpike

Co., 3 Johns. 107; Miner v. Clark, 15 Wend. 425; Mason v. Kellogg, 38 Mich. 132; Biagi v. Howes, 6 Pac. 100; Carpenter v. Thurston, 30 Cal. 125; Roussin v. Stewart, 33 Cal. 210; Sawyer v. San Francisco, 50 Cal. 375; Fry v. Bennett, 16 How. Pr. 402; Everett v. Jones, 91 Pac. 360; Gray v. Winder, 20 Pac. 48; Gardner v. State, 67 Pac. 4; State v. Murphy, 19 Nev. 89. "Delivery to the judgment debtor of a satisfaction of the judgment upon payment thereof is not such notice." Maurin v. Carnes, 83 N. W. 417.

*R. M. Hardy* and *Cooke, French & Stoddard,* for Respondent:

Appellant received actual notice in writing of the decision of the district court, and failed to serve his notice of intention to move for a new trial within ten days thereafter. Objection was made to the hearing of the motion for a new trial on that ground. The objection was sound, and was properly sustained.

Even oral notice would have been sufficient. The statute requires notice only; it need not be in writing. Formerly the statute required *written* notice. Cutting's Comp. Laws, sec. 3292. The later enactment provides for such service "within ten days after *notice* of the decision of the court or referee." Rev. Laws, 5323. It is obvious that the legislature intended to modify the strict rule of the former practice and require the losing party to move promptly after receiving actual notice; in other words, to recognize the substance rather than the form.

The order sustaining the objection to the hearing of the motion for a new trial should be affirmed. White v. Superior Court, 14 Pac. 87; Davis v. Hurgren, 57 Pac. 685; Clark v. Strouse, 11 Nev. 75.

By the Court, SANDERS, C. J.:

This is an appeal from an order of the court below sustaining respondent's objection to the hearing of appellant's motion for a new trial, which said objection

is based solely upon the ground that the notice of intention to move for a new trial was not filed within the time prescribed by section 5323 of the Revised Laws.

Appellant contends that the notice of intention to move for a new trial was filed within the time as prescribed by the statute for the reason that no notice of the decision of the court was served upon appellant before the filing of his notice of intention to move for a new trial. It is the contention of counsel for appellant that the "notice" of decision, as contemplated and required by section 5323 of the Revised Laws, is "written notice." In other words, it is their contention that, notwithstanding appellant had knowledge of the court's decision, he had the right to wait for a notice in writing of the decision from the adverse party before giving notice to his intention to move for a new trial.

In an opinion filed contemporaneously herewith, in the case of Studebaker Bros. Co. of Utah, v. A. B. Witcher, A. Jurich, George A. McDonald, and Bartley Smithson (No. 2399) 45 Nev. 376, the majority of this court is not in accord with appellant's position. For the reasons stated in the concurring opinion therein, we affirm the order of the lower court sustaining respondent's objection to the appellant's motion for a new trial.

It is so ordered.

DUCKER, J., dissenting:

I dissent.

As my reasons for holding that the statute involved means written notice are set forth in the case of Studebaker Bros. Co. of Utah v. A. B. Witcher et al., filed on this date, it is unnecessary to fully restate them.

The case of Cal. Imp. Co. v. Baroteau, 116 Cal. 136, 47 Pac. 1018, cited in the concurring opinion in Studebaker v. Witcher et al., supra, does not change my views. In Cal. Imp. Co. v. Baroteau the question of waiver was involved and decided by the court. Upon this point it was said:

"But where, as in the case at bar, a party makes a

formal written motion to set aside findings, reciting in his motion that the court had filed the same, he will not be heard to say that he had no notice of such findings."

In my opinion the case, is therefore of little weight as against the settled rule that, where a notice is required or authorized by statute in any legal proceedings, the notice must be in writing. There is nothing in the statute to indicate that the word "notice" was not employed in this technical legal sense.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.