BILLIE A. ROGERS, A SINGLE WOMAN, APPELLANT,
v. RENO THATCHER, AS EXECUTRIX OF THE
ESTATE OF E. W. ROGERS, ALSO KNOWN AS ED.
W. ROGERS, DECEASED, RESPONDENT.

No. 3735

April 13, 1953.          255 P.2d 731.

*Royal A. Stewart,* of Reno, for Appellant.

*Oliver C. Custer* and *Louis Mead Dixon,* of Reno, for
Respondent.

## OPINION

ON MOTION TO DISMISS APPEAL FROM ORDER DENYING
NEW TRIAL, ETC.

By the Court, BADT, J.:

This is the first case to reach this court requiring an interpretation of the Nevada Rules of Civil Procedure (N.R.C.P.), which became effective January 1, 1953.

The district court entered judgment in favor of defendant and thereafter denied plaintiff's motion for a new trial. Plaintiff appealed from the judgment and from the order. Respondent has moved to dismiss the appeal from the order denying new trial on the ground that the notice of appeal from such order was not served or filed within the period of 60 days as required by our statute. N.C.L.1931–1941 Supp., secs. 9385.60 and 9385.61.

1. The order denying new trial was entered July 18, 1952. Notice of such order was served on defendant July 24, 1952. The last day for notice of appeal from said order was September 22, 1952. Plaintiff served and filed her notice of appeal from the judgment and from the order denying new trial on November 10, 1952—well within the six months' statutory period for appeal from the judgment but some 49 days after the expiration of the statutory time for appeal from the order denying new trial. This court has on numerous occasions held that service of the notice of appeal within the prescribed statutory time is mandatory and jurisdictional. In re Powell's Estate, 63 Nev. 19, 158 P.2d 545. There can accordingly be no question but that the appeal from the order denying new trial must be dismissed.

2. This however leaves us with a further problem, as appellant contends that under the present Nevada Rules of Civil Procedure (N.R.C.P.) the notice of the appeal from the order denying new trial may be considered surplusage; that under Rule 72 (a) the supreme court may on appeal from the judgment consider errors of law and the sufficiency of the evidence without a motion for new trial; and that under Rule 86 such situation applies to the present appeal because the same was a proceeding in an action then pending.

Rule 72 (a) reads as follows:

"RULE 72. APPEAL FROM A DISTRICT COURT TO THE SUPREME COURT. (a) AGGRIEVED PARTY MAY APPEAL. Any appealable judgment or order in a civil action or proceeding may be appealed from and reviewed as prescribed by these rules, and not otherwise. Any party aggrieved may appeal, with or without first moving for a new trial, and the Supreme Court may consider errors of law and the sufficiency of the evidence, and may

remand for new trial, whether or not a motion for new trial has been made."

Rule 86 reads as follows:

"RULE 86. EFFECTIVE DATE. These rules will take effect on the date specified by the Supreme Court. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

Both parties agreed during the oral argument in open court that the present proceedings called for a pronouncement by this court as to the extent of its review upon the appeal from the judgment.

That part of Rule 86 making the new rules applicable to "all further proceedings in actions then pending" may not, in our opinion, be interpreted as reviving or restoring a right of appeal that did not exist before the new rules took effect. Appellant may therefore not be advantaged by the provision of Rule 72(a) authorizing this court to consider errors of law and the sufficiency of the evidence on the appeal from the judgment alone. A similar situation arose on several occasions in the federal courts. The federal rules became effective September 16, 1938, and federal Rule 86(a) corresponds with Rule 86 N.R.C.P. as governing further proceedings in pending actions. In Standard Acc. Ins. Co. v. United States, Etc., 1 Cir., 103 F.2d 501, 503, appellant sought the advantage of Rule 74 providing that any one or more parties interested in a joint judgment might appeal separately without summons and severance. The circuit court said: "But Rule 74 was not in existence prior to September 16, 1938, and became effective only on that day. It had no application to an appeal taken prior to that time. Appeals so taken are governed by

the rules then existing * * *. [T]he validity of [appellant's] appeal must be considered and determined with reference to those rules." In McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 687, 83 L.Ed. 1108, the court said: "[T]he contempt judgment had become unappealable well before the effective date of the new Rules. Therefore, petitioner is not aided by the provision of Rule 86 that the new Rules shall 'govern all * * * actions then pending, * * *.' This action— from which there was then no right of appeal—was not pending within the meaning of the Rule. The Court of Appeals was not in error in dismissing petitioner's appeal for failure to comply with the statutory requirements governing civil appeals. Its judgment is affirmed." Other federal decisions are of similar purport.

3. Appellant contends that because her time for serving and filing a *bill of exceptions* under then existing statutes was extended by the trial court to November 10, 1952, and because her time was thereafter further extended to February 4, 1953 within which to file her *record on appeal* (see Rules 73(g), 75 and 76 N.R.C.P.), on which date she actually filed her *"Transcript of Record on Appeal and Bill of Exceptions,"* the new rules were called into play to the exclusion of any of the appellate procedural requirements theretofore existing, and that therefore, under Rule 72(a), the scope of the review by this court on the appeal from the judgment embraced all errors of law and consideration of the sufficiency of the evidence without an appeal from the order denying new trial. The contention is not sound. The extensions of time for serving and filing a bill of exceptions under the old statutory procedure and for filing a record on appeal under Rule 73(g) do not affect our conclusion as to the limitation of Rule 86.

The appeal from the order denying new trial is hereby dismissed, and the scope of this court's review on the

appeal from the judgment is now so limited as to exclude the consideration of errors of law occurring during the trial or the sufficiency of the evidence to support the findings or judgment. It is so ordered.

EATHER, C.J., and MERRILL, J., concur.