Theodore **KORNICKI**, Appellant,

v.

**CALMAR STEAMSHIP CORPORATION**

v.

**JARKA CORPORATION OF PHILADEL-PHIA**, Third-Party Defendant.

No. 71-1326.

United States Court of Appeals, Third Circuit.

Argued March 23, 1972.

Decided May 19, 1972.

Avram G. Adler, Freedman, Borowsky & Lorry, Philadelphia, Pa., Abraham E. Freedman, Philadelphia, Pa., for appellant.

Robert St. Leger Goggin, Marshall, Denehey & Warner, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and ADAMS, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Plaintiff presents three issues for resolution: First, whether it was error for the trial judge to exclude certain evidence as hearsay not within the *res gestae* exception to the hearsay rule; second, whether the trial judge, in his charge to the jury, overstepped the bounds of permissible comment; finally, whether it was proper for the trial judge to submit certain interrogatories to the jury, thereby withdrawing from them other theories of recovery.

Plaintiff, who had considerable experience with winches and cranes, was operating a crane aboard the defendant's ship, the S. S. Calmar, when he was injured by an unfortunate accident. The crane operated by plaintiff was equipped with two whips or blocks.[1] Each was attached to separate drums for reeling in or paying out the cable to which the load was attached. One of the blocks, the two-part block, had a safe working load of 27,300 pounds; the other, the five-part block, had a safety limit of 80,000 pounds.

At the time of the accident, the crane was being used to transfer equipment from the pier to the hold of the ship to facilitate the handling of cargo. The deck crew had been attaching light loads to the two-part block, and such loads were safely transferred to the ship. Then the deck crew attached a 31,560 pound chisel, or fork lift truck, to the two-part block. Plaintiff, according to his testimony, raised this load to a proper height and in preparation for transferring the chisel to the ship, disengaged the clutch and activated the brake in order to hold the load at that level. However, the chisel fell, breaking the surface of the pier and fracturing underlying pipes, thus releasing ammonia gas that quickly enveloped the ship. After the chisel fell, the line attached to it remained taut, and was not strewn or "spagettied" on the deck. A short time after the fall of the chisel, someone used the crane and two-part block to move the chisel so that firemen could repair the ammonia pipes. An officer of the ship, Mr. Zidik, testified that the brakes were tested after the accident and were found to be functional.

### I

We treat the second issue described above first, since its resolution is determinative. Plaintiff contends that the latter portion of the trial judge's charge to the jury, reproduced in the margin,[2] overstepped the bounds of per-

---

1. A whip or block is a pulley arrangement by which the mechanical advantage of the crane is increased. The use of such a device permits the lifting of heavy loads without resort to overly powerful engines or motors.

2. "You have heard what appears to be, at least, a conflict between direct evidence and circumstantial evidence. They are capable of being given equal weight by you.

   "The direct evidence is where the witness gets on the stand and says, 'I saw

missible comment. In particular, he objects to the treatment of plaintiff's assertion of negligence as "mere hypothesis" although the court assumed "the role of an apologist for the defendant, and then, as the last parting shot, * * * the Court, by provocative phrase designed to appeal to the emotions of jurors" unfairly deprived "the plaintiff of a balanced and dispassionate determination." Plaintiff also objects to the fact that nothing was said with regard to his circumstantial evidence tending to show that the brakes on the drum failed.

A federal trial judge is not a mere arbitrator who rules upon objections and instructs the jury. Cromling v. Pittsburgh & L. E. R. Co., 327 F.2d 142 (3d Cir. 1963). He may "express his views respecting the probative value of the evidence but if he does so he must make it clear to the jury that it is its sole right to determine the weight and credibility of the evidence." Sleek v. J. C. Penny Co., 324 F.2d 467, 478 (3d Cir. 1963). However, in commenting on the evidence, the trial judge must be fair and impartial. *Cromling, supra,* 327 F.2d at 152; *Sleek, supra,* 324 F.2d at 478–479.

Although the district court properly instructed the jury with regard to its role in the fact-finding process,[3] we hold that on the facts of this case a new trial is required because the following sentences erroneously analyzed, to the plaintiff's prejudice, a crucial issue of fact to be resolved by the jury:

"In order to separate the hypothesis urged upon you by the plaintiff in this case, it seems to me you have to come to the conclusion that Mr. Zidik lied to you. I don't see how you can arrive at that conclusion any other way."

The clear impact of these statements was that if the jury were to find that Zidik had told the truth, the only rational conclusion which could be drawn from the evidence was that the brakes had not failed. However, the jury could have believed Zidik and still found for the plaintiff.

But for the above quoted sentences, the jury could have concluded, assuming Zidik has testified truthfully, that the evidence showed that the fork-lift fell and that the fall was caused by a slippage of the brakes because the line remained taut. The jury could have further concluded that the tests which were later performed demonstrated only that

something happen.' In this case, the direct evidence on behalf of the plaintiff basically is Mr. Kornicki's testimony, who testified, 'I put on the brake and it didn't hold.' That is what it gets down to.

"Of course, the defendants were not in the cab at the time this occurrence happened, so what could they do to discover themselves what happened. Then to help you determine what happened. They did what anybody in that situation would do. They tested the crane after the accident. According to all of their testimony, there was nothing wrong with the crane after the accident. There weren't any adjustments made; and the crane was used the next day for loading and unloading steel.

"In order to separate the hypothesis urged upon you by the plaintiff in this case, it seems to me you have to come to the conclusion that Mr. Zidik lied to you. I don't see how you can arrive at that conclusion any other way. And, I think you should give very serious consideration as to whether you believe that a man like Mr. Zidik would make an adjustment on this brake and then come into the court and flatly lie about having made the adjustment. I think that is a serious charge and one that you should consider very seriously."

3. The jury was told:

"Now, it is your function to determine what the facts are in this case. It is your recollection of the testimony which exclusively controls. It is not my recollection or counsel's recollection. It is your recollection and it is your determination of what the facts are which will be binding on both of these parties.

"In making that determination one of your principle functions will be to determine the credibility or believability of the oral testimony you have heard in this case."

the brakes would hold a load of 30,000 pounds, but that the brake failure might still have occurred under a load of 31,560 pounds, since tests subjecting the brakes to that load had not been performed. It is only because the incorrect analysis by the trial judge effectively removed this theory of recovery from the jury that we remand this cause for a new trial.[4]

II

In view of our disposition of this case, we need not decide the other issues raised by plaintiff. Nevertheless, because we are remanding for a new trial, it would appear to be incumbent upon us to set forth our views for the guidance of the district court.

A

During the course of the trial, plaintiff offered testimony by other longshoremen that earlier in the day a load fell and that the crane operator at that time (not the plaintiff) left the controls and shouted that the brakes had failed. The court excluded the testimony on the ground that this alleged incident could not be proved through res gestae. Plaintiff, citing various formulations of the Pennsylvania law on the subject of res gestae, urges that this ruling was incorrect.

■ Testimony with respect to circumstances that are the undesigned incidents of a litigated fact is admissible, although hearsay, as a part of the res gestae. Reading Co. v. Larkin, 114 F.2d 416 (3d Cir. 1940), cert. denied, 311 U. S. 707, 61 S.Ct. 175, 85 L.Ed. 459 (1940).[5] The res gestae hearsay exception is based on the experience that, un-

der certain circumstances of physical shock or stress, nervous excitement may be produced which stills the reflecting faculties of the declarant and removes their control. Thus, the theory goes, the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the shocking event. Trouser Corp. of America v. Goodman & Thiese, Inc., 153 F.2d 284 (3d Cir. 1946). The burden of establishing the facts to qualify a declaration as part of the res gestae is on the proponent of such evidence. Allen v. Mack, 345 Pa. 407, 412, 28 A.2d 783, 785 (1942). Whether such evidence is to be admitted lies in the discretion of the trial judge. Murphy Auto Parts Co. v. Ball, 102 U.S.App.D. C. 416, 249 F.2d 508, 511 (1957), cert. denied, 355 U.S. 932, 78 S.Ct. 413, 2 L. Ed.2d 415 (1958). Furthermore, although a part of the res gestae, statements are not admissible where the substance of them is found to be otherwise incompetent when measured against the standards of admissibility of evidence. Rich Hill Coal Co. v. Bashore, 334 Pa. 449, 7 A.2d 302 (1939).

■ With these precepts in mind, we have carefully examined plaintiff's offer of proof. Aside from the short span of time between the alleged earlier failure of the crane and the declaration sought to be admitted, there was no offer of any proof of the elements of a res gestae statement. No offer was made to the effect that the crane operator was in a state of nervous excitement at the time he uttered the statement. Because the alleged failure of the crane was not such a circumstance to raise a reasonable presumption of spontaneity of ut-

4. Counsel has suggested that the use of the word "lie" by the court might border on the improper, but we hestitate to criticize the trial judge for this language because plaintiff's attorney, in his closing argument, raised the spectre of perjury with regard to Zidik's denial of having adjusted the brakes, although there was absolutely no evidence in the record to suggest that either he or someone else had done so.

5. The term res gestae means the transaction, occurrence, controversy or matter under investigation, whether or not it is the principal fact bearing on a cause of action or only a collateral or incidental one. Van Eman v. Fidelity & Cas. Co., 201 Pa. 537, 51 A. 177 (1902); Coll v. Easton Transit Co., 180 Pa. 618, 37 A. 89 (1897).

terance, *see* Smith v. State Workmen's Ins. Fund, 140 Pa.Super. 602, 14 A.2d 554 (1940), and since the substance of the statement was a matter of opinion [6] rather than sensory perception, the trial judge did not abuse his discretion in excluding the proffered testimony.

### B

At the close of the trial, the district judge submitted two special interrogatories to the jurors. Plaintiff asserts that by so doing, the district court committed error, in that the submitted interrogatories over-simplified the issues to plaintiff's prejudice.

A trial judge has wide discretion in determining whether to use special verdicts upon written interrogatories, *see* Rule 49, Fed.R.Civ.P.; Peterson v. Peterson, 400 F.2d 336, 343 (8th Cir. 1968); Judith Ann Liberian Transport Corp. v. Crawford, 399 F.2d 924, 927 (9th Cir. 1968), "and this discretion extends to determining the form of the special verdict and interrogatories * * *." R. H. Baker v. Smith-Blair, Inc., 331 F.2d 506, 508 (9th Cir. 1964). The only limitation is that the questions asked of the jury be adequate to determine the factual issues essential to the judgment. *Id.* We caution that a trial judge should not fashion interrogatories in such manner that he withdraws from the jury valid theories of recovery, if such theories are supported by the evidence.[7]

### III

For the reasons stated in Part I of this opinion, *supra*, the judgment of the district court will be reversed and the cause remanded for a new trial.

6. The identity of the declarant was unknown to the parties, and consequently, it was not possible to qualify him as an expert witness so as to render the opinion testimony admissible. Because several crane operators were being used alternately when the earlier accident occurred, the district judge could not even properly infer that the declarant was an experienced operator, and thus qualify his opinion for admission into evidence.

7. Nothing said above should be read as an implication that we are critical of the submitted interrogatories in the context of the evidence developed during the trial of this matter.