**Betty A. STOREY, Defendant Below, Appellant,**

v.

**Charles W. CASTNER, Jr. and Carol Castner, his wife, Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

Jan. 18, 1973.

Stanley C. Lowicki, of O'Donnell, Hughes & Lowicki, Wilmington, for defendant below, appellant.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for plaintiffs below, appellees.

Before CAREY and HERRMANN, JJ., and DUFFY, Chancellor.

HERRMANN, Justice:

The appellees seek dismissal of this appeal on the ground that it was filed too late.

## I.

The jury returned a verdict in this negligence action in favor of the appellees. The appellant filed a motion for remittitur or new trial. On June 6, 1972, the Trial Judge filed with the Prothonotary copy of a letter opinion and order denying the motion. The letter was addressed to both counsel; but, in fact, no such letter or other notification of the action taken was ever received by counsel or the parties. The record shows that on June 28, 1972, the Trial Judge filed with the Prothonotary a copy of a second letter opinion and order addressed to counsel, duplicate of the first except for the date and the Prothonotary's receipt stamp which appears on the first but not on the second.

Having no knowledge of the first opinion and order and its filing, the parties considered the June 28 date as the governing date for the purpose of computing the 30 day limitation period for an appeal. This appeal was filed on July 25—within 30 days of the second opinion and order but not of the first. The appellees discovered the first opinion and order accidentally, during a review of the Prothonotary's record in the case. This motion to dismiss the appeal followed.

## II.

The appellees base their motion to dismiss the appeal upon Superior Court Civil Rule 77(d), Del.C.Ann. That Rule places upon the Prothonotary the duty of notifying the parties of the entry of an order or judgment; but it provides: "Lack of notice of the entry by the Prothonotary does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

The appellees point out that Rule 77(d) was taken almost verbatim from Rule 77(d) of the Federal Rules of Civil Procedure; that the latter contained, however, an "excusable neglect" provision, now in the form of Rule 4(a) of the Federal Rules of Appellate Procedure, which permitted enlargement of the appeal time by the Circuit Court of Appeals under certain circumstances.[1] The appellees suggest that the omission in our Rules of a similar "excusable neglect" provision constitutes a defect in our appellate system fatal to this appeal.

There are two fundamental fallacies underlying the appellees' reliance upon Rule 77(d): (1) Rule 77(d) is a Rule of the Superior Court, not a Rule of this Court; and (2) there is no defect in our appellate system, by reason of the lack of a

---

1. Illuminating is the 1946 Committee Note on Federal Rule 77(d):

"Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in Rule 73(a), the Court may take into account, as one of factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d) or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment. Any party may, of course, serve timely notice of the entry of a judgment upon the adverse party and thus preclude a successful application, under Rule 73(a), for the extension of the time for appeal." 7 Moore's Federal Practice ¶ 77.01 [4].

The Rule 73(a) referred to by the Committee is the predecessor of the present Rule 4(a) of the Federal Rules of Appellate Procedure.

Rule of this Court similar to Rule 4(a) of the Federal Rules of Appellate Procedure, because there is no power in this Court to enlarge, for any reason, the jurisdictional appeal time established by statute. 58 Del.L. Ch. 21.

 Accordingly, we hold that this appeal is not untimely by reason of Rule 77(d).[2]

### III.

 It is manifest that the Trial Judge, in substituting the second opinion and order for the first, was attempting to rectify some clerical mistake, oversight, or omission which resulted in the failure of counsel to receive the first. While we do not approve of the informal and incomplete procedure followed in so doing, we find the Trial Judge's action proper under Rule 60(a) of the Superior Court Rules of Civil Procedure.[3] We are aware that the United States Supreme Court has indicated that such action was not contemplated by the similar Federal Rule 60(a). Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L. Ed. 283 (1944). Nonetheless, we conclude on the basis of Rule 60(a) that the Trial Judge, in effect, vacated his first opinion and order (although it was never actually withdrawn) and substituted the second for it, thus making the date of the second the effective date for appeal purposes.

Accordingly, the appeal was timely. The motion to dismiss the appeal is denied.

---

2. We take the occasion, however, to indicate to the Superior Court the desirability of reviewing the last sentence of its Rule 77(d) (providing that the Prothonotary's failure to notify the parties of the entry of an order or judgment does not affect appeal time) in the light of practicality and modern views of procedural due process.

3. Rule 60(a) provides:
   *"Rule 60.   Relief From Judgment Or Order*
   "(a) Clerical Mistakes.   Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."