Submitted December 13, 1976, affirmed January 17, 1977

STATE ex rel NILSEN, *Respondent,*
*v.*
THE SHALIMAR, INC. et al, *Appellants.*
(No. 74-533, CA 5987)

and

STATE ex rel NILSEN,
*Respondent—Cross-Appellant,*
*v.*
GRAHAM, *Appellant.*
(No. 74-1135, CA 5987)
(Cases consolidated)

558 P2d 1251

Ben Graham, Jr., Dallas, filed the brief pro se for appellants.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Kevin L. Mannix, Assistant Attorney General, Salem, filed the brief for respondent—cross-appellant.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal from jury verdicts in favor of the Labor Commissioner on assigned wage claims.

In 1973 Shalimar, Inc., operated a restaurant and bar known respectively as Horsefeathers and The Ark Tavern. Late in 1973 Shalimar began to encounter financial difficulties, and the restaurant and lounge were closed. Defendant, then an attorney, was engaged by two persons to investigate the possibility of purchasing Shalimar and reopening the restaurant and lounge. This sale was never consummated, but on January 1, 1974, defendant purchased the personal property and leased the real property which was once owned and leased by Shalimar. The restaurant and lounge were reopened at about this time, only to be closed again in May of 1974.

Plaintiff filed two complaints on assigned wage claims against both Shalimar and defendant, based on an alleged failure to pay wages to certain employes of the restaurant and lounge. The first complaint contained six causes of action, three of which exclusively involved Shalimar. A default judgment on these causes of action was entered in favor of plaintiff. The remaining three causes of action alleged that defendant was a successor to Shalimar's business and that defendant was therefore liable for the wage claims of certain employes. A jury returned verdicts against defendant on all three causes of action. The second complaint alleged that defendant had wilfully refused to pay the wages due one Linkem in the amount of $2,800. The jury returned a special verdict granting the claim of $2,800, but found that the failure to pay was not wilful.

Defendant then moved the court for a judgment notwithstanding the verdict on the grounds that (1) defendant was not a successor to Shalimar as per ORS

652.310(1)[1] and was consequently not liable for wages not paid by Shalimar; and (2) defendant had no obligation to pay Linkem. Defendant appeals from the denial of these motions and from the court's failure to give an instruction on agency theory. Plaintiff appeals from the jury verdict that the failure to pay Linkem was not wilful.

■■ The Supreme Court has held repeatedly that a refusal to enter a judgment notwithstanding the verdict is not an appealable order and that if error exists in such cases, it should be assigned to the denial of a directed verdict. *Highway Com. v. Helliwell,* 225 Or 588, 358 P2d 719 (1961); *Meyers v. Oasis Sanitorium, Inc.,* 224 Or 414, 356 P2d 159 (1960); *Lenchitsky v. H. J. Sandberg Co.,* 217 Or 483, 343 P2d 523 (1959). As defendant appeals only from the denial of his motion for a judgment notwithstanding the verdict, we do not consider his assignment of error.

■■ · Defendant next asserts that the trial court wrongfully refused to give an instruction on agency theory requested by defendant. In order to be entitled to have an instruction on a particular theory of a case, a party must show that the instruction is within the issues as framed by the pleadings and supported by the evidence. *Lee v. Caldwell,* 229 Or 174, 366 P2d 913 (1961). Accordingly, it is necessary that this court be furnished a copy of the requested instruction so that we may determine whether a party has made such a showing. Defendant's brief does not contain a copy of the requested instruction, either in the assignment of error as required by Rule 6.18 of the Rules of Procedure for the Supreme Court and Court of Appeals

[1] ORS 652.310(1) defines an employer as:

"* * * [A]ny person who in this state, directly or through an agent, engages personal services of one or more employes and includes any producer-promoter, and any successor to the business of any employer, or any lessee or purchaser of any employer's business property for the continuance of the same business, so far as such employer has not paid employes in full * * *."

(1974), or in the abstract of the record. As stated by Rule 6.18:

> "* * * Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

■ On cross-appeal the state argues that the court erroneously allowed the jury to change its verdict on the claim for Linkem's wages. The jury initially returned a special verdict holding that Linkem had been employed by defendant, that defendant had wilfully refused to pay the wages owed Linkem, and that $2,800 was the amount due Linkem. Plaintiff objected to the form of the verdict, maintaining that since the jury found that the failure to pay Linkem was wilful, a mandatory penalty of $711.30 should have been imposed in addition to the $2,800.[2] The court questioned the jury foreman, who responded that the jury did not intend that the penalty should be assessed against defendant. The court instructed the jury that:

> "* * * It's your province to say whether or not the penalty is payable and you decide that based on whether you find the refusal to pay was willful in the sense that I defined that term."

The jury then returned a second verdict that the refusal to pay Linkem was not wilful. Plaintiff contends that the jury improperly sought to conform its finding on wilfulness to its desire not to impose a penalty on defendant. We have examined the record and agree with the trial court that the jury misunderstood the form of its first verdict, and that the second verdict holding that the failure to pay was not wilful expressed the jury's view of the facts.

Affirmed.

---

[2] ORS 652.150 provides:

"If any employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced * * *."