■ SAM GORDON, as Administrator of the Estate of IDA GORODETSKY,

Deceased, Appellant, v BIALYSTOKER CENTER AND BIKUR CHOLIM, INC., Respondent.—In an action to recover moneys donated to defendant, plaintiff, as administrator of the estate of Ida Gorodetsky (decedent), appeals from a judgment of the Supreme Court, Kings County, entered January 16, 1976, which, after a nonjury trial, dismissed the complaint. Judgment reversed, on the law and the facts, with costs, and action remanded to Special Term for the entry of an appropriate judgment in favor of plaintiff in the amount of the moneys donated by decedent to defendant, less such amounts as were expended by it for her care, and for further proceedings consistent herewith. Plaintiff's decedent was admitted to Brooklyn Hospital on August 8, 1972 and remained there until November 13, 1972, when she was transferred by ambulance to the infirmary of defendant, an eleemosynary institution, where she died on December 5, 1972. On November 3, 1972, decedent had the amount of $27,864.46 on deposit at the Lincoln Savings Bank. Those moneys were withdrawn by a $15,000 withdrawal slip executed by decedent on November 3, 1972 and another withdrawal slip for the balance executed by her on November 13, 1972. Defendant's agents procured decedent's execution of these slips. On the latter date she also executed an agreement whereby she made an outright donation of the $15,000 to defendant and provided that the balance of the account withdrawn by her be used to pay for her stay at defendant's nursing home. In the event of death, any amount which remained from said sum was to be used for burial expenses and the balance retained by defendant as a donation. The withdrawal slips and the agreement were not signed by decedent with her usual signature, but with a mark. At the time of execution, decedent was approximately 85 years old, had suffered a stroke, was paralyzed and appeared to have difficulty hearing. It is clear that decedent and defendant did not act from positions of equality when she made her donation. Only slight evidence is, therefore, required to shift to the donee the burden of proving by clear and satisfactory evidence that any transfer of property was made freely and voluntarily by the donor (cf. *Matter of Bartel,* 33 AD2d 987, 988; *Reoux v Reoux,* 3 AD2d 560, 562). Moreover, the relationship between decedent and defendant was a confidential one. The burden was, therefore, on defendant to show that it did not acquire decedent's property by fraud, undue influence or coercion (cf. *Matter of Corse,* 16 Misc 2d 538). We find that defendant failed to meet this burden. Martuscello, J. P., Margett, Suozzi and O'Connor, JJ., concur.