TONI ROSS, APPELLANT, v. CARL A. GIACOMO, ADMINIS-
TRATOR OF THE ESTATE OF ANTHONY L. GIACOMO,
DECEASED, RESPONDENT.

No. 12142

October 29, 1981

635 P.2d 298

---

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CHARLES E. SPRINGER, who was disqualified. Nev. Const. art. 6, § 19; SCR 10. Justice NOEL E. MANOUKIAN disqualified himself subsequent to submission of this case; however, designation of a substitute district judge does not appear essential to disposition of the issues presented.

THOMPSON, D. J., and MANOUKIAN, J., concurred in part, dissented in part.

*R. Paul Sorenson* and *Patrick R. Doyle,* Las Vegas, for Appellant.

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Carl A. Giacomo, Administrator of the Estate of Anthony L. Giacomo, Deceased, brought this action against the appellant Toni Ross to recover monies which Anthony Giacomo had advanced to Ross as a down payment for the purchase by Ross of a house of prostitution in Fallon, Nevada. The case was tried to a jury that found in favor of the Administrator and against Ross who has appealed. We affirm.

### THE FACTS

On July 27, 1977, Anthony Giacomo delivered $66,000 in cash to appellant Toni Ross. Giacomo was in poor health at the time; he died sixteen days later.

It is undisputed that Giacomo's money was to be used by appellant as a down payment in the purchase of the Lazy B. Ranch, a house of prostitution in Fallon, Nevada. A small portion of the money was spent for a business license investigation, attorney's fees, and escrow costs. The purchase never occurred, however, and after this action was commenced, the balance of the money was deposited with the court clerk.

Both appellant and respondent, the administrator of Giacomo's estate, claimed the money on deposit. Appellant alleged that Giacomo, a longtime friend, had made a gift of the money to her and that she had no obligation to return it. Respondent claimed that the money was a loan which appellant was obligated to repay. Alternatively, respondent alleged that Giacomo had been unduly influenced by appellant and, that in any event, at the time of the transaction Giacomo lacked mental capacity to make such a gift.

Following a jury verdict in favor of Giacomo's estate, a judgment was entered on March 22, 1979. Notice of entry of judgment was mailed to appellant's attorney the same day. Four days later, on March 26, 1979, respondent mailed a second notice of entry of judgment, together with notice of filing of a memorandum of costs. On April 9, 1979, appellant filed a motion for judgment n.o.v. or, in the alternative, for a new trial. On May 1, 1979, the trial judge denied the motion as both

untimely and lacking merit. This appeal from that order was commenced on May 24, 1979.

Before addressing the merits, we first must resolve procedural issues regarding the timeliness of this appeal and the content of the notice of appeal.

## THE TIMELINESS OF THE APPEAL

An appeal must be filed within 30 days after service of written notice of entry of the judgment or order appealed from. NRAP 4(a). This requirement is jurisdictional; an untimely appeal may not be considered. Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113 (1960); Rogers v. Thatcher, 70 Nev. 98, 255 P.2d 731 (1953). The 30-day period is extended by a timely filing of a motion for new trial or for judgment n.o.v. NRAP 4(a). In order to be timely, these motions must be filed within 10 days after service of written notice of entry of the judgment. NRCP 50(b).[1] Untimely motions for new trial or judgment n.o.v. must be denied. Hunter v. Sutton, 45 Nev. 427, 195 P. 342 (1922); Yates v. Behrend, 280 F.2d 64 (D.C.Cir. 1960); cf. Oelsner v. Charles C. Meek Lumber Co., 92 Nev. 576, 555 P.2d 217 (1976). Likewise, untimely motions for new trial or for judgment n.o.v. do not toll the 30-day period in which a notice of appeal must be filed. NRAP 4(a).

In this case, respondent sent two separate notices of entry of judgment. Appellant claims she never received the first notice. She relied on the second notice, and her alternative motion for judgment n.o.v. or for new trial is timely if dated from the second notice.[2] Respondent argues that the motion for judgment n.o.v. or for new trial had to be filed within 10 days of the first notice and that, therefore, this appeal must be dismissed as untimely.[3]

Under our rules, the respondent starts the appeal time running by serving notice of entry of judgment on the potential appellant. Here, by sending two separate notices on different dates, respondent created a confusing situation. While there is

---

[1]The 10-day period is extended by three days where, as here, the notice was served by mail. NRCP 6(e).

[2]The filing of the motion 14 days after service of notice of entry of judgment by mail was permissible because the 13th day fell on a Sunday. See NRCP 6(a).

[3]If, contrary to respondent's contention, the motion was timely, appellant's subsequent notice of appeal was also timely, since it was filed within 30 days after service of written notice of entry of the order denying the motion. NRAP 4(a).

no indication that respondent intended to deceive appellant, we do not believe it would be in accord with principles of due process of law to allow respondent to benefit by the confusion he created, albeit inadvertently. *Cf.* Kotecki v. Augusztiny, 87 Nev. 393, 487 P.2d 925 (1971). By sending the second notice, we believe respondent was, in effect, admitting that something was wrong with the first notice and that it was, in fact, no notice at all. We, therefore, hold that the second notice vitiated the first notice, thus rendering it nugatory. *See* Storey v. Castner, 306 A.2d 732 (Del. 1973).[4] We conclude that the motion for judgment n.o.v. or for a new trial was timely, and we decline to dismiss this appeal.

We emphasize that there is no evidence in the record of collusion by the parties to extend the time within which an appeal may be filed. On the contrary, respondent now strenuously contends that this appeal must be dismissed as untimely. Accordingly, our holding in this case in no way affects our continuing adherence to the rule announced in Culinary Workers v. Haugen, *supra,* that the parties may not stipulate to extend the time within which an appeal may be filed.

## THE NOTICE OF APPEAL

We next must determine whether this appeal can be treated as an appeal from the final judgment. The notice of appeal designates the order denying the motion for judgment n.o.v. or for new trial as the order appealed from. No mention is made of the final judgment. This, appellant asserts, is due to a typographical error.

The notice of appeal must designate the judgment, order or part thereof appealed from. NRAP 3(c). We have refused, however, to allow this notice requirement to be a "technical

---

[4]In Delaware, the court clerk apparently has the duty of sending notice to the parties of entry of judgment. In *Storey,* the judge filed with the clerk a copy of a letter opinion and order denying a motion for remittitur or new trial. For some reason, unclear in the opinion, the parties never received the notice. Later, the judge substituted a second letter opinion and order. In holding that the second letter opinion superseded the first, the Delaware Supreme Court stated:

It is manifest that the Trial Judge, in substituting the second opinion and order for the first, was attempting to rectify some clerical mistake, oversight, or omission which resulted in the failure of counsel to receive the first. . . . [W]e conclude on the basis of Rule 60(a) that the Trial Judge, in effect, vacated his first opinion and order (although it was never actually withdrawn) and substituted the second for it, thus making the date of the second the effective date for appeal purposes.

306 A.2d at 734.

trap for the unwary draftsman." Forman v. Eagle Thrifty Drugs & Markets, 89 Nev. 533, 536, 516 P.2d 1234, 1236 (1973); *see* Grouse Cr. Ranches v. Budget Financial Corp., 87 Nev. 419, 488 P.2d 917 (1971). In Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970), this court, relying on federal practice, held that an appeal from an order denying a motion for new trial is an appeal from the final judgment, if the same can be inferred from the notice of appeal, the designation of the record, and the posting of a supersedeas bond. Here, the entire record was designated. Although no supersedeas bond was filed, none was necessary, since the money in question was already in the possession of the court clerk.

Respondent contends that the portion of the district court order which denies judgment n.o.v. is not appealable. While an appeal normally does not lie from denial of a motion for judgment n.o.v., Associates Finance Corp. v. Scott, 411 P.2d 174 (Ariz.App. 1966); State ex rel. Nilsen v. Shalimar, 558 P.2d 1251 (Or.App. 1977), an appeal from the denial of an alternative motion for judgment n.o.v. or for a new trial may be viewed as an appeal from the final judgment. Gray v. General Motors Corp., 434 F.2d 110 (8th Cir. 1970). We conclude that appellant intended to appeal from the final judgment. We now turn to the merits.

## THE SPECIAL VERDICT

Appellant contends that the district court committed reversible error by refusing to submit her proposed special verdict form to the jury. Subsequently, the jury rendered a general verdict in favor of respondent.

Whether to require a special verdict is a discretionary determination to be made by the trial court. *See* United Assn. Journeymen v. Stine, 76 Nev. 189, 220, 351 P.2d 965, 981 (1960). NRCP 49(a), which was taken verbatim from Fed. R. Civ. P. 49(a), provides in part: "The court *may* require a jury to return only a special verdict in the form of a special written finding upon each issue of fact." (Emphasis added.) In applying this rule, the federal courts have accorded the trial judge broad discretion in determining whether to require a special verdict. *See, e.g.,* Kornicki v. Calmar Steamship Corporation, 460 F.2d 1134 (3d Cir. 1972); Judith Ann Liberian Transport Corp. v. Crawford, 399 F.2d 924 (9th Cir. 1968); 9 Wright and Miller, Federal Practice and Procedure § 2505, at 492-493 (1971). We have examined the special verdict form

offered by appellant and find no abuse of discretion on the part of the district court in refusing to submit it to the jury.

## THE INSTRUCTIONS

Appellant next contends that the district court gave an erroneous instruction regarding undue influence, one of respondent's theories at trial. Appellant argues that since a general verdict was rendered, it is impossible to determine what effect this alleged erroneous instruction had on the jury. Indeed, we have previously stated that where a general verdict is not accompanied by special interrogatories, substantial error in the charge of the trial court as to any of the alternative theories of liability or defense requires remand for another trial. Wood v. Southern Pacific Co., 88 Nev. 527, 501 P.2d 652 (1972); Otterbeck v. Lamb, 85 Nev. 456, 456 P.2d 855 (1969); Lightenburger v. Gordon, 81 Nev. 553, 579, 407 P.2d 728, 743 (1965) (THOMPSON, J., concurring).

In the present case, however, we are not convinced that the jury instruction in question was erroneous. The trial court instructed the jury as follows:

> An alleged gift will be presumed secured by undue influence where the alleged donor is lacking in such mental vigor as to enable him to protect himself against imposition even though his mental weakness is not such as to justify his being regarded as totally incapacitated.

This instruction is supported by case law. *See* McDonald v. Hewlett, 228 P.2d 83 (Cal.App. 1951); Gordon v. Bialystoker Center & Bikur Cholim, 396 N.Y.S.2d 896 (App.Div. 1977); *see also* 38 Am.Jur.2d *Gifts* § 93, at 893 (1968). Appellant objected to the instruction on the ground that there was no evidence of undue influence. The district court correctly rejected appellant's objection, since there was substantial evidence of mental incapacity which, as the above-cited case law reflects, is highly probative on the question of undue influence.

Appellant now contends, for the first time on appeal, that this instruction was also erroneous in view of the district court's failure to instruct the jury as to the elements of undue influence. Appellant did not object to the instruction on this ground at trial, nor did she offer an instruction defining undue influence. Therefore, we decline to consider this contention on appeal. NRCP 51; Alpark Distributing, Inc. v. Poole, 95 Nev. 605, 600 P.2d 229 (1979).

## THE SUFFICIENCY OF THE EVIDENCE

Finally, appellant contends that insufficient evidence of undue influence was adduced at trial to support a jury verdict on this theory. We disagree. The mental weakness of the donor is an important element in raising a presumption of undue influence or in determining its existence. Brown v. Cobb, 204 P.2d 264 (N.M. 1949). Indeed, where the alleged donor lacks such mental vigor as to enable him to protect himself against imposition, the burden of proof shifts to the alleged donee to prove by clear and satisfactory evidence that the gift was freely and voluntarily made by the donor. McDonald v. Hewlett, *supra;* Gordon v. Bialystoker Center & Bikur Cholim, *supra.*

In this case, the theory of undue influence is supported by the testimony of Dr. David Dapra, a neurologist, who examined Giacomo 12 days prior to the alleged gift. Dr. Dapra testified that, in lay terms, Giacomo suffered from diabetes which caused the closure of blood vessels, hemorrhaging of the arteries behind the eyes, and difficulty with the hands and feet. He noted that Giacomo did not know the day, month, or year, could not repeat a test phrase three minutes after it was given him, and could not think properly because his brain was being destroyed by lack of oxygen. Dr. Dapra concluded his testimony by diagnosing Giacomo as "incompetent" within the meaning of NRS 159.019.[5] Thus, respondent made a strong showing of mental infirmity which, in turn, shifted the burden of proof to appellant. While appellant did testify that the $66,000 was fairly and freely given to her, the jury was entitled to disbelieve this testimony.

Other issues raised by appellant have been considered and found to be without merit.

GUNDERSON, C. J., and BATJER, J., concur.

THOMPSON, D. J.,[1] concurring in part and dissenting in part, with whom Justice MANOUKIAN agrees:

---

[5]NRS 159.019 provides:

> 'Incompetent' includes any person who, by reason of mental illness, mental deficiency, advanced age, disease, weakness of mind or any other cause, is unable, without assistance, properly to manage and take care of himself or his property.

[1]The Governor commissioned The Honorable J. Charles Thompson, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

I respectfully dissent from that part of the majority opinion which holds that the second notice of entry of judgment vitiated the first.

The time to file a motion for judgment n.o.v. or for a new trial begins to run when a notice of entry of the judgment is served. NRCP 50(b); 59(b). Service by mail is complete upon mailing. NRCP 5(b). I find no authority or justification for the majority's holding that the time to file post-trial motions terminates and then begins again when an additional notice is given. The majority's reliance on Storey v. Castner, 306 A.2d 732 (Del. 1973) is misplaced. There, the first notice, if sent, was never received. Here, counsel for appellant apparently received the first notice but relied upon the second.

The second notice of entry was obviously intended to advise appellant that respondent had filed a memorandum of costs as provided for in NRS 18.110. This second notice had the memorandum attached to it and was used as a vehicle for service of the memorandum. It was clearly not an admission that something was wrong with the first notice. In this regard, the majority unfairly criticizes respondent's counsel for keeping appellant properly informed of the papers being filed.

This court has previously held that a trial judge is without jurisdiction to extend the time for filing a motion for new trial. Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113 (1960). NRCP 6(b) forbids an extension of time to file a motion for judgment n.o.v. Despite these inflexible prohibitions, the majority has, in effect, allowed one party the unilateral right to grant extensions to his opponent by serving successive notices of entry of the judgment. If a second notice renders the first "nugatory," a second notice filed more than 10 days after the first will reinvest the trial court with jurisdiction to hear a post-trial motion even after the time to file it has once expired. Indeed, because the time to appeal begins to run with the service of a notice of entry of judgment, it appears that this court will, under today's holding, be reinvested with jurisdiction on appeal when a second notice of entry of judgment is mailed more than 30 days after the first.

Instead of finding that the second notice of entry vitiated the first, I would look to NRCP 60(b) as a source of relief for appellant. The federal courts have held in interpreting the parallel federal rules, Fed. R. Civ. Pro. 59(b); 60(b), that under appropriate circumstances the district court may entertain under NRCP 60(b) a motion for a new trial which is untimely under NRCP 59(b) upon a showing of "mistake, inadvertence, surprise, or excusable neglect." John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co., 239 F.2d 815 (3d. Cir. 1956);

Kruse v. Zenith Radio Corp., 82 F.R.D. 66 (W.D.Penn. 1979); and Crawford v. West India Carriers, Inc., 56 F.R.D. 32 (S.D.Fla. 1972). Such an application was made and denied by Judge Gabrielli in this case. While the trial judge might have exercised his discretion to relieve appellant from this procedural dereliction, he declined to do so. Under these circumstances I perceive no reason that this court should find counsel for appellant to have been misled or confused by the second notice.

I would dismiss the appeal as untimely.

On the merits I fully concur in the remainder of the majority opinion.