Argued and submitted April 11, affirmed in part and reversed
in part October 13, reconsideration denied November 20,
petition for review denied December 23, 1980 (290 Or 271)

TERRY,
*Respondent - Cross-Appellant,*
*v.*
HOLDEN-DHEIN ENTERPRISES,
LIMITED, et al,
*Appellants - Cross-Respondents.*

(No. 78-1785, CA 12894)

618 P2d 7

David S. Shannon, Portland, argued the cause for appellants - cross-respondents. With him on the briefs were Rees C. Johnson and Shannon and Johnson, Portland.

Alan F. Ludwick, Eugene, argued the cause and filed the brief for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an action in two counts, one for negligence and one for violation of ORS 646.638 of the Unlawful Trade Practices Act, in which plaintiff complained of services performed for her by defendants, a denturist and his company. A jury verdict was returned for the plaintiff on the unlawful trade practices count, and judgment was entered awarding her $200 in actual damages[1] and $5,000 in punitive damages. The jury found for defendants on the negligence count. Defendants appeal the judgment for damages. Plaintiff cross appeals from the failure to give certain jury instructions with regard to the defendants' alleged negligence count. We affirm in part and reverse in part.

■ Defendants raise seven assignments of error on appeal. We deal first with their contention that the trial court erred in not granting their motion to strike certain allegations in the unlawful trade practice count before the case was submitted to the jury. In view of the fact that the motions to strike were based upon an alleged insufficiency of the evidence, they were the functional equivalent of a motion for a judgment of involuntary nonsuit as to plaintiff's unlawful trade practices count, and we treat them as such a motion for the purposes of this appeal.

■ Plaintiff had alleged in her complaint that:
"The defendant corporation and its agents committed the following unlawful trade practices, to-wit:
"(1) Held himself [sic] out to the public and to the plaintiff as a person possessing the knowledge and skill of a licensed dentist, when in fact he was not;
"(2) The defendants caused confusion and misunderstanding by advertising in a manner so as to appear to have the [sic] certification and affiliation, in the dental profession, when in fact he [sic] did not."

Given a jury verdict for plaintiff, we must "resolve all conflicts in [her] favor and give [her] the benefit of the

---

[1] The plaintiff claimed an actual loss of $50, but ORS 646.638(1) provides that a person bringing an unfair trade practices action may recover his actual damages or $200, whichever is greater.

favorable evidence as well as all inferences reasonably to be drawn from that evidence." *Senn v. Bunick,* 40 Or App 33, 35, 594 P2d 837 (1979), *rev den* 287 Or 149 (1979).

The evidence showed that defendant Holden is a denturist, *viz.,* a person who is trained in the repair and construction of dentures, and that the defendant corporation provides denturist services. Plaintiff went to defendants' clinic, known as Superior Optic-Denture, to have a crack in her denture repaired. Defendants' employee, Mr. Cook, told her he would fix the crack and reline the denture for $50. Plaintiff was told to return later that day to pick up the dentures. At first, plaintiff was satisfied with the work; however, after returning home, she felt the teeth in her denture were crooked. She immediately called Cook. Various attempts, including the replacement of a number of teeth, were made by Cook in an effort to repair plaintiff's denture. Cook finally told plaintiff that what she really needed was a new plate. Plaintiff, however, did not want one. Plaintiff was never satisfied with the reconstruction of her denture and experienced difficulty wearing it. Two months after going to the defendants' office, she went to a dentist who made her a new denture.

The front portion of the defendants' clinic is an optical center. The denture center is located in back and consists of two dentist chairs and a sink. None of the other usual dentist equipment is present. Plaintiff was not required to give any medical history to any of defendants' employees, and no x-rays of her mouth were taken; however, impressions were made. There were no doctors' names on the office doors of the clinic and no one was introduced to plaintiff as a doctor. Plaintiff testified that she did not see the denturist certificates which defendants claim were hanging on the office wall.

Plaintiff testified that at all times she thought she was in a dentist's office. She admitted that no one told her as much, but she assumed that only

dentists could work on dentures and no one told her otherwise. It was not until ten days after plaintiff's first visit, when her treatment had already been completed, that plaintiff learned from Cook that he was not a dentist but a denturist, and the difference between the two professions.

An advertisement, similar to one the plaintiff says she saw, was introduced into evidence. It advertises complete optical service and total denture care. It explains the extent of the denture care provided and then, in fine print, states "Western Denturist Assn." and "National Denturist Assn." Plaintiff testified without objection that the ad she saw did not contain a reference to those denturist associations and, even if she had seen those statements, it would not have made any difference because, at the time, the word "denturist" would have meant "dentist" to her.

■ The advertisement is crucial to plaintiff's case. It contained no warning or explanation that the advertiser—the defendant—was not a dentist or that, as defendant acknowledges, it was not acting under the direction of a dentist. Since only a dentist (or a denturist acting under his direction) could have performed such services at the time,[2] the advertisement constituted an unlawful trade practice under ORS 646.608(1)(c) and (e), and (2), which provides:

"(1) A person engages in an unlawful practice when in the course of his business, vocation or occupation the person:

"* * * * *

"(c) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

"* * * * *

---

[2] At the time, only individuals licensed as dentists and persons acting under their direction could construct, repair or reline dentures or hold themselves out to the public as offering those services. *See* ORS 679.025(1)(f), (g), (h) and (i). The law was amended by vote of the people in 1978 to provide that individuals such as defendant, who are engaged in the construction, relining and repair of dentures, can be certified as denturists and do not have to be licensed dentists in order to practice their trade. Oregon Laws 1979, ch 1.

"(e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that he does not have;

"* * * * *

"(2) A representation under subsection (1) of this section or ORS 646.607 may be any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact."

■ The fact of defendants' use of the unlawful trade practice, however, does not establish plaintiff's right to recover. That right is established in ORS 646.638, which provides, in subsection (1),

"(1) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."

Under this statute, plaintiff must suffer loss "as a result of wilful use or employment by another" of an unlawful trade practice. The evidence in this case, viewed in the light most favorable to plaintiff, shows that the failure of defendants to disclose in their advertisement that they were offering *denturist* services had no effect on plaintiff since, had the disclosure been made, she would not have realized there was any difference between "dentist" and "denturist."

■ Because the defendants' advertisement was the only unlawful trade practice proved by plaintiff, and because her loss in this case did not occur "as a result" of the defendants' failure to disclose a fact in the advertisement, defendants were entitled to have their motions to strike granted.

■■ We turn now to plaintiff's cross-appeal. In addition to the unfair trade practices claim, plaintiff

alleged that defendants were negligent in treating her. The jury returned a verdict for the defendant on the negligence count. Plaintiff claims that the trial court erred in giving a common law negligence instruction rather than an instruction regarding the standard of care for a dentist. A party is not entitled to an instruction unless "the instruction is within the issues as framed by the pleadings and supported by the evidence." *State ex rel Nilsen v. The Shalimar Inc.,* 28 Or App 61, 64, 558 P2d 1251 (1977). Plaintiff introduced no testimony on the procedures or standards of care a dentist would have employed in this situation. Thus, she was not entitled to an instruction holding the defendant to that different standard of care.

In summary, the judgment for plaintiff on the unfair trade practices count is reversed and the judgment for defendant on the negligence count is affirmed.

Affirmed in part, reversed in part.